Gary McGILL, Plaintiff,

v.

SYBRON CORPORATION, CASTLE DIVISION, Defendant.

No. Civ–87–1280T.

United States District Court, W.D. New York.

Jan. 5, 1989.

**406**

Faraci, Guadagnino, Lange & Johns (John A. Bryant, of counsel), Rochester, N.Y., for plaintiff.

Phillips, Lytle, Hitchcock, Blaine & Huber (Gerald L. Paley, of counsel), Rochester, N.Y., for defendant.

## DECISION AND ORDER

TELESCA, Chief Judge.

Plaintiff commenced this action September 30, 1987, alleging that the defendant unlawfully terminated him from his employment on the basis of his age, in violation of the Age Discrimination in Employment Act of 1967 29 U.S.C. §§ 621–634 ("ADEA"). The parties have conducted discovery, and defendant now moves for summary judgment dismissing the complaint on the ground that defendant has tendered evidentiary proof of the legitimate and non-discriminatory reasons for terminating plaintiff's employment. Because plaintiff has failed to tender evidence sufficient to create a question of material fact as to the legitimacy of defendant's proffered reasons for dismissing plaintiff, defendant's motion for summary judgment is granted.

## FACTS

The plaintiff, Gary McGill, was fired by the defendant, Sybron Corporation, Castle Division ("Sybron") in October, 1985. At that time, McGill was 52 years old and had been employed by Sybron for approximately 12 years.

At the time of his dismissal, McGill held the position of Materials Manager of Sybron's manufacturing facility. McGill had held that position since 1979, when he had been promoted from Production Control Manager. As Materials Manager, McGill reported to Vice President of Manufacturing.

Sybron reviewed its employees for performance and salary on an annual basis. Overall performance was rated on a scale of 1 ("performance in present job over an extended period of time as outstanding") to 5 ("performance below that expected for the time spent in the position"). For the five years prior to McGill's dismissal, he consistently received a 3 in his overall performance rating ("performance level meets the requirements of the job.")

In September, 1985, Don Lochman was appointed President of Sybron's Castle Division. Seven weeks later, Lochman called McGill to his office and, without prior notice, fired him, effective that day.

Lochman states that it was his decision to fire McGill, which was based on McGill's inadequate performance as Materials Manager. In determining that McGill's performance was substandard, Lochman relied principally on a factory audit performed earlier in 1985, which revealed that inadequate materials management was contributing to the defendant's unprofitability. (As a result of the problems identified by the audit, defendant had already decided to reorganize the manufacturing and materials department and to implement a new system of material management. As a part of this reorganization, McGill's responsibilities as Materials Manager had been significantly reduced. Management perceived McGill's performance of these reduced responsibilities also to be inadequate.) At the time he dismissed McGill, Lochman told him that, while McGill was not to blame for all of defendant's problems, "there ha[d] to be some changes made."

McGill was replaced as Materials Manager by Edgar Hopkins, 32. Hopkins had a Masters Degree in Business Administration from the University of Pennsylvania and was experienced with computerized materials management systems.

Contrary to customary Sybron procedure, McGill was not offered a demotion when he was terminated from his position

as Materials Manager, nor was he offered placement elsewhere in defendant's organization. He had not been given prior warnings of his inadequate performance and the need to improve, nor was he offered training or counseling. Furthermore, in the months before and after McGill's dismissal, four other upper management employees, all over the age of 40, were fired and replaced by younger individuals.

## DISCUSSION

### A. Plaintiff Has Established A Prima Facie Case Of Age Discrimination In Employment.

■ To establish a prima facie case of unlawful termination under ADEA, McGill must show that he belongs to the protected age group, that he was qualified for the position that he held, and that he was discharged under circumstances that give rise to an inference of discrimination. *Pena v. Brattleboro Retreat*, 702 F.2d 322, 324 (2d Cir.1983), cited in *Russo v. Trifari, Krussman and Fishel, Inc.*, 837 F.2d 40, 43 (2d Cir.1988) (citations omitted).

There is no dispute that McGill is a member of the protected class, that is, between the ages of 40 and 70. McGill's qualification for the job of Materials Manager are established by the facts that he had held the job for over six years and that his annual performance reviews had been consistently "satisfactory." Furthermore, McGill had been awarded regular salary increases. Undisputedly, McGill was unilaterally terminated by defendant October 21, 1985. Finally, the circumstances of that termination—the failure to follow established procedure for termination, his replacement with a significantly younger individual, and the almost simultaneous dismissals of several other middle and high management employees within the protected class and their replacement with much younger individuals—are sufficient to give rise to an inference of discrimination.

Plaintiff having established his prima facie case, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for its action. "If the defendant meets this burden of production, then the plaintiff, upon whom the ultimate burden of persuasion rests, must show that the proffered reasons were not the defendant's true reasons, but were instead a 'pretext for discrimination.'" *Russo*, 837 F.2d at 43 (citations omitted).

In this case, defendant has proffered evidentiary proof that the legitimate, non-discriminatory reason for dismissing McGill was management's dissatisfaction with McGill's work performance. Don Lochman, who in his position as President of Castle terminated McGill, testified that McGill's deficiencies as Materials Manager were causing enormous problems in production and shipping. Indeed, management was dissatisfied with the Materials Management Department overall, and McGill was not the only upper-level manager in that Department to be terminated. Furthermore, plaintiff's termination came at a time of corporate reorganization for the defendant, when a new President had recently been appointed and there was growing corporate concern over projected budgetary losses in the millions.

■ To dispel the inference of discrimination arising from plaintiff's establishment of his prima facie case, defendant is required merely to articulate—not prove—a legitimate, non-discriminatory reason for discharging plaintiff. *Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1115 (2d Cir.1988) (citations omitted). I find that Sybron has successfully articulated a legitimate, non-discriminatory reason for the discharge of Gary McGill.

Sybron having articulated such a legitimate reason for McGill's discharge, it is incumbent upon the plaintiff to show that such seemingly legitimate reasons were merely a pretext for discrimination. *Russo*, 837 F.2d at 43. At trial, plaintiff's burden would be to prove this pretext by a preponderance of the evidence. *Dister*, 859 F.2d at 1115. In the context of a summary judgment motion, however, plaintiff must merely come forward with evidence sufficient to "create a genuine issue of fact as to [defendant's] offered reasons or as to a discriminatory motive." *Id.* In other

words, McGill's burden at this point is to demonstrate "specific evidence that could support an inference that the employer did not act for non-discriminatory reasons." *Healy v. New York Life Insurance Co.*, 860 F.2d 1209, 1214 (3rd Cir.1988). McGill must present evidence sufficient to raise a genuine issue of material fact as to "whether, 'but for' his age, he would not have been discharged." *Id.*, 860 F.2d at 1219.

■ Having reviewed the record carefully, and viewing it in the light most favorable to the plaintiff, I find that the evidence offered demonstrates that there is no genuine issue of material fact and that the defendant is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986).

> The materiality of particular facts is determined solely by reference to substantive law applicable in the case, independent of any proof or evidentiary requirement imposed by the substantive law.... A "genuine" dispute over a material fact only arises if the evidence would allow a reasonable jury to return a verdict for the non-moving party.

*Dister*, 859 F.2d at 1114. (Citations omitted.) Focusing upon McGill's evidence to rebut Sybron's offer of a legitimate, non-discriminatory reason for terminating him, I hold that no trier of fact could reasonably find Sybron's avowed reasons for terminating McGill to be pretextual. Plaintiff has simply failed to provide any evidence that would enable a trier of fact to determine that, but for his age, he would not have lost his job. In *Russo v. Trifari Krussman and Fishel, Inc.*, 837 F.2d 40 (2d Cir.1988), the defendant-employer similarly moved for summary judgment, claiming a legitimate, non-discriminatory purpose for terminating the plaintiff. In that case, while the Second Circuit acknowledged that plaintiff's case was "hardly a powerful one," it found that the plaintiff had proffered sufficient evidence upon which a trier of fact might determine that defendant's reasons were merely a pretext for age discrimination. This evidence included defendant's request that employees document their age so that a retirement chart could be prepared; the specious promotion of a much younger employee in the same capacity; ordering the plaintiff to transfer to a plant which apparently had no need of his services; a stricken directive in a memo to withhold from the plaintiff information which might make a transfer within the company appealing; a manager's statement encouraging plaintiff to retire; and the subsequent rehiring of only the youngest employee within plaintiff's employment group. This evidence, the Second Circuit determined, created a material issue of fact over whether the defendant's order to "transfer or terminate" was merely a ruse to get rid of older workers.

In this case, however, McGill has only offered evidence that his termination was not carried out in accordance with usual Sybron procedure; that several other older employees were also terminated and replaced by younger individuals; and that his earlier performance reviews gave no hint that he was perceived as an inadequate employee.

Under the circumstances which undisputedly existed at Sybron at the time of McGill's termination—new upper-level management, an audit report highly critical of materials management, and negative revenues in the millions—plaintiff's evidence simply fails to raise an issue of fact as to whether "but for" his age, McGill would not have been fired. Thus, McGill's claim under ADEA must fail, for the parameters of such a claim are limited to age discrimination in employment, and cannot be extended to seek judicial review of the wisdom or justice of an employer's decision which does not implicate such age discrimination.

Accordingly, defendant's motion for summary judgment in its favor is granted and plaintiff's complaint is dismissed, without costs.

ALL OF THE ABOVE IS SO ORDERED.